CUMBERLAND & OXFORD CANAL CORPORATION *vs.* GEORGE F. HITCHINGS.

R. S. of 1857, c. 81, § 105, is a perfect bar to an action of debt to recover the penalty provided for in the Special Laws of 1821, c. 74, § 7,* when the penal act set forth in the declaration occurred more than one year next prior to the date of the writ.

Section 7 imposes no penalty for a continuance of the injurious act complained of.

ON FACTS AGREED.

DEBT under R. S. of 1857, c. 82, § 15, to recover the penalty provided in the Special Laws of 1821, c. 74, § 7.

The action was first commenced against the city of Portland. See 56 Maine, 77.

*F. O. J. Smith* and *C. P. Mattocks*, for the plaintiffs, cited *Moore* v. *Smith*, 5 Maine, 490 ; *Baldwin* v. *Collins*, 10 Wend. 179 ; *Aldridge* v. *Drake*, 10 Mad. 110.

*Nathan Cleaves* (city solicitor), for the defendant.

APPLETON, C. J.    This is an action of debt, for a penalty given by the act incorporating the plaintiff corporation, and approved March 15, 1821.    Special Laws, c. 74.

———————

* See opinion.

By § 7 it is enacted, " That if any person or persons shall willfully, maliciously, or contrary to law, take up, break down, remove, dig under, or otherwise injure said canal or canals, or any work or works, connected with or appertaining to the same, or any part thereof, such person or persons, for every such offense, shall forfeit and pay to such corporation, a sum not less than fifty dollars, nor more than five thousand dollars, according to the nature and aggravation of the injury done or committed."

The plaintiffs' writ is dated Sept. 24, 1869, and sets forth the injurious acts complained of, and their continuance to its date. It is admitted that the acts set forth in the declaration were done by the defendant, between Feb. 9, 1867, and Sept. 14, 1867, under a contract with the city of Portland to grade Commercial street, and that what was done by him under that contract remains, as it was left, to this time.

The defendant relies upon the statute of limitations, R. S. c. 81, § 105, by which it is provided that " All actions for any penalty or forfeiture on any penal statute, brought by any person to whom the penalty or forfeiture is given in whole or in part, shall be commenced within one year after the offense was committed."

The act of " filling in of the canal," was the injury of which complaint is made. The filling up remains, and it is urged that the defendant is responsible for its continuance, and thus is liable to the penalty given.

But the penalty is given for the injurious act done. No penalty is imposed for its continuance, as is done in some cases. When the act prohibited is done, the right of action accrues. When the right of action accrues, the statute of limitation begins to run. " The filling in of the canal" was before Sept. 14, 1867. The offense was then complete. *Barnicoat* v. *Folling*, 3 Gray, 134. Further, the continuance was not by the act of the defendant. He had no control over the streets, nor was he responsible for their subsequent condition. The statute constitutes a perfect bar.

The case of *Moore* v. *Smith*, 5 Greenl. 490, is not in point. There, by the statute, under which the action was brought, the

penalty was incurred monthly, as long as the will remained without being filed in the probate office. .            *Plaintiff  nonsuit.*

CUTTING, KENT, WALTON, BARROWS, and DANFORTH, JJ., concurred.